# *UNITED STATES DISTRICT COURT*
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

CERTIFIED TRUE COPY THOMAS M. GOULD, CLERK DEPUTY CLERK

**UNITED STATES OF AMERICA**

v.

**JONATHAN ASHLEY ALLEN**

## WARRANT FOR ARREST

2:20-mj-0819-BNW

Case Number(s):**2:08CR20267-001-JPM**
**2:09CR20485-001-JPM**

To: The United States Marshal and any Authorized United States Officer

**YOU ARE HEREBY COMMANDED** to arrest **JOHNATHAN ASHLEY ALLEN** and bring him or her forthwith to the nearest Magistrate Judge to answer a:

/ / Indictment / / Information / / Complaint / / Order of Court
/ / Probation Violation Petition /**X**/ Supervised Release Violation Petition

charging him or her with (brief description of offense)

**Violation of Conditions of Supervised Release**

in violation of Title 18, United States Code, Section(s) 3583.

| | |
|---|---|
| Thomas M. Gould | Clerk of Court |
| Name of Issuing Officer | Title of Issuing Officer |
| *s/Jeffrey Sample* | December 20, 2018 |
| Signature of Issuing Officer/Deputy Clerk | Memphis, TN |

Bail fixed at $ ________________ By: ______________________________
Name of Judicial Officer

**RETURN**

| | | |
|---|---|---|
| This Warrant was received and executed with the arrest of the above-named defendant at ________________ | | |
| Date Received: | Names and Title of Arresting Officer: | Signature of Arresting Officer: |
| Date of Arrest: | | |

RECEIVED U.S. ATTORNEY 2018 DEC 20 P 3:41

PROB 12C
(9/17)

# United States District Court
## for the
## Western District of Tennessee
## Petition for Warrant or Summons for Offender under Supervision

Choose an item.

Name of Offender: Jonathan Ashley Allen — Docket No. 2:08CR20267-001; Docket No. 2:09CR20485-001

Name of Sentencing Judicial Officer: The Honorable Jon Phipps McCalla, Senior United States District Judge

Date of Original Sentence: 10/01/2010

Original Offense: 2:08CR202067-001: Conspiracy to Commit Mail Fraud, Wire Fraud, and Bank Fraud, 18 U.S.C. § 371; 2:09CR20485-001: Conspiracy to Commit Mail Fraud, Wire Fraud and Fraud in Connection with Computers and Aiding and Abetting, 18 U.S.C. § 371 and 2

Original Sentence: Prison – 2:08CR202067-001: 24 months, 2:09CR20485-001: 24 months, consecutive, for a total term of 48 months; TSR – 3 years on each case, served concurrently

Type of Supervision: Supervised Release

Assistant U.S. Attorney: Carroll Andre

Date Supervision Commenced: 04/12/2014; 08/25/2017*

Defense Attorney: Randolph W. Alden, Assistant Federal Defender

Date Supervision Expires: 08/01/2018; 08/24/2019*

*Supervised release was revoked on January 20, 2017. Mr. Allen was sentenced to three months imprisonment in each case, to be served consecutively, for a total term of incarceration of six months. He was also ordered to serve two years of supervised release (concurrent terms) following his release from the Bureau of Prisons.

---

### PETITIONING THE COURT

☑ **To issue a warrant**
☐ **To issue a summons**
☐ **To grant an exception to revocation without a hearing**

The probation officer believes that the offender has violated the following condition (s) of supervision:

| Violation | Nature of Non-Compliance |
|---|---|
| 1. | **The defendant shall not leave the judicial district without the permission of the court or probation officer.** On or about October 23, 2018, the defendant left the Western District of Tennessee and traveled to the District of Nevada without permission of the probation officer or the Court. This conduct constitutes a Grade C violation of supervised release. |
| 2. | **The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.** On November 13, 2018, the defendant was directed to report to the probation office at 8:30 a.m. on November 15, 2018. Mr. Allen failed to report as instructed. On November 19, |

2018, the defendant was directed to report to the probation office that same day. Mr. Allen failed to report as instructed. On November 28, 2018, the defendant was directed to report to the probation office at 10:30 a.m. on November 30, 2018. Mr. Allen failed to report as instructed and his current whereabouts are unknown. This conduct constitutes a Grade C violation of supervised release.

3. **The defendant shall pay restitution of $673,054.30 (2:08CR20267) and $259,319.00 (2:09CR20485) in regular monthly installments of not less than 10% of gross monthly income within 10 days of the end of each month.** The defendant failed to make payments toward his restitution in September, October, November, and December of 2017, January, February, March, May, June, August, September, and November of 2018 in 2:08CR20267. Mr. Allen failed to make payments in September, October, November, and December of 2017, and March, May, June, August, September, and November of 2018 in 2:09CR020485. This conduct constitutes a Grade C violation of supervised release.

4. **The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.** Mr. Allen has failed to work regularly at a lawful occupation since approximately April of 2018. This conduct constitutes a Grade C violation of supervised release.

U.S. Probation Officer Recommendation:
☑ The term of supervision should be
- ☑ Revoked.
- ☐ Extended for _ years, for a total term of _ years.
- ☐ Continued based upon the exception to revocation under 18 USC §3563(e) or 3583(d).
- ☐ The conditions of supervision should be modified as follows:

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: December 18, 2018

s/ Sean Hinton

U.S. Probation Officer

Approved:

s/ Tim Smith — December 19, 2018

Supervising U.S. Probation Officer — Date

**THE COURT ORDERS:**

- ☐ No Action
- ☒ Issue of an arrest warrant
- ☐ Issue a Summons
- ☐ The Court finds the defendant can benefit from continued substance abuse treatment and grants an exception to revocation. The supervision term of the defendant is continued under all original terms and conditions.
- ☐ Other

The signed Probation Form 12C (Petition for Action), as well as the warrant for arrest, is to be filed under seal in the Electronic Case File (ECF) system until such time as the warrant is executed.

s/Jon P. McCalla

Signature of Judicial Officer

Date: December 19, 2018

**Prob 12C**
**RE: Allen, Jonathan Ashley**
**2:08CR20267-001 and 2:09CR20485-001**

## VIOLATION WORKSHEET

1. Defendant: Allen, Jonathan Ashley
2. Docket Number (Year-Sequence-Defendant-Defendant No.): 2:08CR20267 - 01; 2:09CR20485 - 01
3. District/Office: Western District of Tennessee (Memphis)
4. Original Sentence Date: 10/01/2010

*(if different than above):*

5. Original District/Office:
6. Original Docket Number (Year-Sequence-Defendant-Defendant No.):

7. List each violation and determine the applicable grade (see § 7B1.1(a)):

| Violation(s) | Grade |
|---|---|
| The defendant shall not leave the judicial district without the permission of the court or probation officer. | C |
| The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer. | C |
| The defendant shall pay restitution of $673,054.30 (2:08CR20267) and $259,319.00 (2:09CR20485) in regular monthly installments of not less than 10% of gross monthly income within 10 days of the end of each month | C |
| The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons. | C |

8. Most Serious Grade of Violation (see § 7B1.1(b)): C
9. Criminal History Category (see § 7B1.4(a)): I

10. Range of Imprisonment (see § 7B1.4(a)) 3-9 Months

*Being originally convicted of a Class D felony, the statutory maximum term of imprisonment is 24 month for case no 2:08CR20267 and 24 months for case 2:09CR20485, with an aggregate statutory maximum term of imprisonment of 48 months; 18 U.S.C. §§3583(e)(3) and 3584.

11. Sentencing Options for Grade B and C violations Only (Check the appropriate box):

(**X**) (a) If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c) (1) provides sentencing options to imprisonment.
( ) (b) If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c) (2) provides sentencing options to imprisonment.
( ) (c) If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

**Mail documents to: United States Sentencing Commission, 1331 Pennsylvania Avenue, N.W. Suite 1400, Washington, D.C., 20004, Attention: Monitoring Unit**

Defendant: Allen, Jonathan Ashley Docket No.: 0651 2:09CR20485 - 001

12. Unsatisfied Conditions of Original Sentence

List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

| | | | |
|---|---|---|---|
| Restitution ($): | $605,134.86(2:08CR20267) and $257,483.40(2:09CR20485) | Community Confinement: | |
| Fine ($): | | Home Detention: | |
| Other: | | Intermittent Confinement: | |

13. Supervised Release

If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3(see §§7B1.3(g)(1)).

Term: _ to _ years

If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

Period of supervised release to be served following release from imprisonment

14. Departure

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment

15. Official Detention Adjustment (see §7B1.3(e)): Months: _ Days:

**Mail documents to: United States Sentencing Commission, 1331 Pennsylvania Avenue, N.W. Suite 1400, Washington, D.C., 20004, Attention: Monitoring Unit**

PROB 12C
(9/17)

# United States District Court for the Western District of Tennessee

## Petition for Warrant or Summons for Offender under Supervision

First Amended

Name of Offender: Jonathan Ashley Allen

Docket No. 2:08CR20267-001
Docket No. 2:09CR20485-001

Name of Sentencing Judicial Officer: The Honorable Jon Phipps McCalla, Senior United States District Judge

Date of Original Sentence: 10/01/2010

Original Offense: 2:08CR202067-001: Conspiracy to Commit Mail Fraud, Wire Fraud, and Bank Fraud, 18 U.S.C. § 371; 2:09CR20485-001: Conspiracy to Commit Mail Fraud, Wire Fraud and Fraud in Connection with Computers and Aiding and Abetting, 18 U.S.C. § 371 and 2

Original Sentence: Prison – 2:08CR202067-001: 24 months, 2:09CR20485-001: 24 months, consecutive, for a total term of 48 months; TSR – 3 years on each case, served concurrently

Type of Supervision: Supervised Release

Assistant U.S. Attorney: Carroll Andre

Date Supervision Commenced: 08/25/2017

Defense Attorney: Randolph W. Alden

Date Supervision Expires: 08/24/2019*

*Mr. Allen's supervised release originally commenced on April 12, 2014. On January 20, 2017, his supervised release was revoked. Mr. Allen was sentenced to three months imprisonment in each case, to be served consecutively, for a total term of incarceration of six months. He was also ordered to serve two years of supervised release (concurrent terms) following his release from the Bureau of Prisons.

On December 20, 2018, a supervised release violation warrant was issued by Your Honor and remains active as of this amended petition.

---

## PETITIONING THE COURT

**Prob 12C**
**RE: Allen, Jonathan Ashley**
**2:08CR20267-001 and 2:09CR20485-001**

☑ **To issue a warrant and amend the previous petition with the new conduct alleged below**
☐ **To issue a summons**
☐ **To grant an exception to revocation without a hearing**

The probation officer believes that the offender has violated the following condition (s) of supervision:

| Violation | Nature of Non-Compliance |
|---|---|
| 1. | **The defendant shall not leave the judicial district without the permission of the court or probation officer.** On or about October 23, 2018, the defendant left the Western District of Tennessee and traveled to the District of Nevada without permission of the probation officer or the Court. This conduct constitutes a Grade C violation of supervised release. |
| 2. | **The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.** On November 13, 2018, the defendant was directed to report to the probation office at 8:30 a.m. on November 15, 2018. Mr. Allen failed to report as instructed. On November 19, 2018, the defendant was directed to report to the probation office that same day. Mr. Allen failed to report as instructed. On November 28, 2018, the defendant was directed to report to the probation office at 10:30 a.m. on November 30, 2018. Mr. Allen failed to report as instructed and his current whereabouts are unknown. This conduct constitutes a Grade C violation of supervised release. |
| 3. | **The defendant shall pay restitution of $673,054.30 (2:08CR20267) and $259,319.00 (2:09CR20485) in regular monthly installments of not less than 10% of gross monthly income within 10 days of the end of each month.** The defendant failed to make payments toward his restitution in September, October, November, and December of 2017, January, February, March, May, June, August, September, and November of 2018 in 2:08CR20267. Mr. Allen failed to make payments in September, October, November, and December of 2017, and March, May, June, August, September, and November of 2018 in 2:09CR020485. This conduct constitutes a Grade C violation of supervised release. |
| 4. | **The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.** Mr. Allen has failed to work regularly at a lawful occupation since approximately April of 2018. This conduct constitutes a Grade C violation of supervised release. |
| 5. | **The defendant shall not commit another federal, state or local crime.** On or about June 7, 2018, in Las Vegas, Nevada, Mr. Allen is alleged to have committed Theft Over $3,500 (Nevada Revised Statutes (NRS) 205.0835) and two counts of Forgery (NRS 205.090). According to Detective Sean Pullar from the Las Vegas Metropolitan Police Department, Mr. Allen knowingly and willingly forged a Clark County Recorder's Office quick claim deed to falsely change the deed of 5921 Blush |

**Prob 12C**
**RE: Allen, Jonathan Ashley**
**2:08CR20267-001 and 2:09CR20485-001**

Ave., Las Vegas, Nevada, from Skyrise Properties LLC SERIES 1 to Skyrise Properties INC. (a nonexistent company). Mr. Allen then submitted another quick claim deed to change the ownership from Skyrise Properties INC. to Zombie Investment INC. for which Mr. Allen is the legal entity. Mr. Allen then sold the property to Mickey Griffin for $143,200.00 knowing that he did not have any right or authority to sell the property. Evidence in support of this violation includes the unexecuted affidavit of complaint from the Las Vegas Metropolitan Police Department. Charges have yet to be filed as of this report and Detective Pullar believes that Mr. Allen continues to reside in the Las Vegas metropolitan area. This conduct constitutes a Grade B violation of supervised release.

6. **The defendant shall notify the probation officer ten (10) days prior to any change in residence or employment.** On January 3, 2019, Mr. Allen's brother, Melvin Wilson, reported that Mr. Allen no longer resided with him at 6193 Narcissus Cove, Memphis, Tennessee. Mr. Wilson indicated he was unsure of where Mr. Allen resided at the time. Mr. Allen failed to notify the probation office of this change. Information received from Detective Pullar from the Las Vegas Metropolitan Police Department indicated that Mr. Allen established residency in the Las Vegas area. Mr. Allen has an active Nevada Driver License (#1601108763) which lists his physical address as 3435 Jaffa Drive, North Las Vegas, Nevada. This conduct constitutes a Grade C violation of supervised release.

U.S. Probation Officer Recommendation:
☑ The term of supervision should be
☑ Revoked.

☐ Extended for _ years, for a total term of _ years.
☐ Continued based upon the exception to revocation under 18 USC §3563(e) or 3583(d).
☐ The conditions of supervision should be modified as follows:

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: July 29, 2020
s/Taylor Smith
U.S. Probation Officer Assistant

Approved:

s/Tim Smith — August 4, 2020
Supervising U.S. Probation Officer — Date

**THE COURT ORDERS:**

- ☐ No Action
- ☐ Issue of an arrest warrant and amend the petition to include the new alleged conduct
- ☐ Issue a Summons
- ☐ The Court finds the defendant can benefit from continued substance abuse treatment and grants an exception to revocation. The supervision term of the defendant is continued under all original terms and conditions.
- ☐ Other

The signed Probation Form 12C (Petition for Action), as well as the warrant for arrest, is to be filed under seal in the Electronic Case File (ECF) system until such time as the warrant is executed.

_______________________________

Signature of Judicial Officer

Date:

VIOLATION WORKSHEET

**Prob 12C**
**RE: Allen, Jonathan Ashley**
**2:08CR20267-001 and 2:09CR20485-001**

1. Defendant: Allen, Jonathan Ashley
2. Docket Number (Year-Sequence-Defendant-Defendant No.): 2:08CR20267 - 01; 2:09CR20485 - 01
3. District/Office: Western District of Tennessee (Memphis)
4. Original Sentence Date: 10/01/2010

*(if different than above)*:

5. Original District/Office:
6. Original Docket Number (Year-Sequence-Defendant-Defendant No.):

7. List each violation and determine the applicable grade (see § 7B1.1(a)):

| Violation(s) | Grade |
|---|---|
| The defendant shall not leave the judicial district without the permission of the court or probation officer. | C |
| The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer. | C |
| The defendant shall pay restitution of $673,054.30 (2:08CR20267) and $259,319.00 (2:09CR20485) in regular monthly installments of not less than 10% of gross monthly income within 10 days of the end of each month | C |
| The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons. | C |
| The defendant shall not commit another federal, state or local crime. | B |
| The defendant shall notify the probation officer ten (10) days prior to any change in residence or employment. | C |

8. Most Serious Grade of Violation (see § 7B1.1(b)): **B**
9. Criminal History Category (see § 7B1.4(a)): **I**

10. Range of Imprisonment (see § 7B1.4(a)): 4-10 Months*

*Being originally convicted of a Class D felony, the statutory maximum term of imprisonment is 24 month for case no 2:08CR20267 and 24 months for case 2:09CR20485, with an aggregate statutory maximum term of imprisonment of 48 months; 18 U.S.C. §§3583(e)(3) and 3584.

11. Sentencing Options for Grade B and C violations Only (Check the appropriate box):

(X) (a) If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c) (1) provides sentencing options to imprisonment.
( ) (b) If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c) (2) provides sentencing options to imprisonment.
( ) (c) If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

**Mail documents to: United States Sentencing Commission, 1331 Pennsylvania Avenue, N.W. Suite 1400, Washington, D.C., 20004, Attention: Monitoring Unit**

12. Unsatisfied Conditions of Original Sentence

List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

| | | | |
|---|---|---|---|
| Restitution ($): | $605,134.86 and $257,483.40 | Community Confinement: | |
| Fine ($): | | Home Detention: | |
| Other: | | Intermittent Confinement: | |

13. Supervised Release

If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.11.3(see §§7B1.3(g)(1)).

Term: _ to _ years

If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

Period of supervised release to be served following release from imprisonment

14. Departure

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment

15. Official Detention Adjustment (see §7B1.3(e)): Months: _ Days:

**Mail documents to: United States Sentencing Commission, 1331 Pennsylvania Avenue, N.W. Suite 1400, Washington, D.C., 20004, Attention: Monitoring Unit**